IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SONIA HOLGUIN,

        Plaintiff,

vs.

FARMERS INSURANCE COMPANY OF ARIZONA,

        Defendant.

## NOTICE OF REMOVAL

Farmers Insurance Company of Arizona (Farmers), by and through its counsel of record, Riley, Shane & Keller, P.A. (Courtenay L. Keller), hereby gives notice of removal of this matter to the United States District Court for the District of New Mexico. In support, Farmers states the following:

1.    Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Farmers hereby gives notice of removal of all counts and claims asserted by the Plaintiff in the civil action filed in the Third Judicial District, County of Dona Ana, State of New Mexico, styled: *Sonia Holguin v. Farmers Insurance Company of Arizona*; Third Judicial District Cause No. D-307-CV-2016-01996. Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleadings, and orders served to date are attached hereto as Exhibit "A".

2.    Plaintiff's Complaint for Breach of Contract (Complaint) was filed in the Third Judicial District Court on August 23, 2016. *See* Exhibit "A-1". A summons was issued by the Third Judicial District Court on January 10, 2017. *See* Exhibit "A-2". Pursuant to NMSA 1978, Sections 59A-5-31 and 59A-5-32, the State of New Mexico Office of the Superintendent of Insurance accepted service of the Complaint on behalf of Farmers as of February 6, 2017, and

sent the summons and Complaint via certified mail to Farmers on that same date. *See* Exhibit "A-3". Farmers received the summons and Complaint on February 9, 2017. *See Id.* Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446 (b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 348, 119 S.Ct. 1322, 1325 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service").

3. This is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

4. Plaintiff is, upon information and belief, a citizen and resident of the State of New Mexico. *See* Exhibit "A-1", Complaint at ¶ 1. Defendant Farmers is a resident of the State of Arizona.

5. A reasonable estimate of the amount that will be put at issue in the course of the litigation will exceed $75,000.00,[1] exclusive of interest and costs.

6. This case involves an actual controversy between the parties regarding their respective rights and obligations under the applicable insurance policies. *See generally* Exhibit "A-1", Complaint.

---

[1] *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (1995); *see also Frederick v. Farmers Underwriters Ins. Co.,* 683 F.3d 1242, 1254 (10th Cir. 2012); and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. . . [e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation").

7. Plaintiff's Complaint asserts a cause of action for "Breach of Contract" (¶¶ 10-12) and common law bad faith (¶ 15 (c)), and seeks both attorney's fees and "exemplary" damages (¶¶ 14-15).

8. Without admitting the validity of any of Plaintiff's allegations, the amount that will be put at issue in the course of the litigation will likely exceed the jurisdictional minimum because Plaintiff seeks to recover from the Defendant: (a) policy benefits for the value of her 2014 Ford F250 pickup truck (Ford); (b) policy benefits for the loss of use (from October 20, 2015 to present) of her Ford; (c) exemplary (punitive) damages based on allegations of breach of contract and bad faith; and (d) attorneys' fees incurred in this action. *See generally* Exhibit "A-1", Complaint at ¶ 15 (a) – (d).

9. The damages claimed as a result of the underlying loss, which Plaintiff claims the Defendant owes in policy benefits, combined with the damages claimed as a result of the alleged breach of contract and bad faith, likely exceed the minimum jurisdictional limit.

10. If Plaintiff prevails on her claims to recover damages arising from the alleged breach of contract and bad faith, New Mexico law may permit recovery of compensatory damages, incidental and consequential loss damages, punitive damages, and attorneys' fees. *See* UJI 13–1712 NMRA (compensatory damages in bad faith cases); UJI 13–1714 NMRA (costs of defense); UJI 13–1715 (indemnification); UJI 13–1716 (incidental and consequential loss damages); NMSA 1978, § 39-2-1 (permitting an award of attorneys' fees where insurer acted unreasonably in failing to pay a first party claim); NMSA 1978, § 59A-16-30 (permitting an award of attorneys' fees where an insurer has willfully engaged in a violation of § 59A-16-20 and mandating costs to the prevailing party); and UJI 13-1718 NMRA (providing recovery of

punitive damages in bad faith actions where carrier acted in reckless disregard for the interests of its insured).

11. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). A removing defendant need only establish that state law would permit a recovery of punitive damages and that the "total award, including compensatory and punitive damages, could exceed 'the jurisdictional minimum].'" *Frederick v. Farmers Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2010). Similarly, where recovery of attorneys' fees is permitted by statute, such claims may also be considered in determining whether the amount in controversy requirement is satisfied. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

12. Without admitting any of the Plaintiff's allegations, and without admitting the Plaintiff is entitled to recover any of the claimed damages, Farmers submits that the aggregate "value" of what Plaintiff seeks to recover in this case, or what a judgment would be worth to Plaintiff, exceeds $75,000.00. *See Wiatt v. State Farm Ins. Co.*, 560 F.Supp.2d 1068, 1075 (D.N.M. 2007) (providing court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

13. Pursuant to 28 U.S.C. § 1446 (d), written notice of removal has been given to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico.

        Respectfully submitted,

        **RILEY, SHANE & KELLER, P.A.**

        By: */s/ Electronically filed by Courtenay L. Keller*
            **COURTENAY L. KELLER**
            3880 Osuna Road NE
            Albuquerque, NM 87109
            (505) 883-5030
            *Attorneys for Defendant*
            *Farmers Insurance Company of Arizona*

The undersigned hereby certifies that on the 9th day of March, 2017, a copy of the foregoing was electronically filed through the CM/ECF system, which caused the following participating CM/ECF counsel to be served with same by electronic means. The undersigned further certifies that on the 9th day of March, 2017, a true and correct copy of the foregoing was also e-mailed to the following counsel of record:

Jonathan H. Huerta
*Attorney for Plaintiff Sonia Holguin*
11601 Pellicano Drive, Suite A-5
El Paso, TX 79936
(915) 629-9988


By: */s/ Original signed by Courtenay L. Keller*
      **COURTENAY L. KELLER**